THE STATE OF OHIO, APPELLEE, *v.* KEENE ET AL.; TIMSON, APPELLANT.

(No. 86AP-777 — Decided October 9, 1986.)

Ronald J. O'Brien, city attorney, James J. Fais, city prosecutor, and David E. Tingley, for appellee.

John W. Timson, pro se.

MOYER, P.J. This matter is before us on a motion to dismiss filed by plaintiff-appellee, the state of Ohio, as represented by the Columbus City Prosecutor. The motion to dismiss is well-taken and is hereby sustained.

A notice of appeal was filed in this court from a judgment of the Franklin County Municipal Court in case No. 86-12194 by John W. Timson, who styled himself as "A Concerned Citizen." The record does not show, nor does Timson allege, that he was a party defendant to the action below. Upon review of the applicable law, we find that Timson lacks standing to pursue an appeal in this matter under both common-law and statutory standards.

The Ohio Supreme Court adopted the rationale of Data Processing Service v. Camp (1970), 397 U.S. 150, in State, ex rel. Dayton Newspapers, v. Phillips (1976), 46 Ohio St. 2d 457, 459, 75 O.O. 2d 511, 512, 351 N.E. 2d 127, 129, and determined that there are two requirements for a party to have standing. The first requirement is that the plaintiff must allege that the challenged action has caused him injury in fact, economic or otherwise. Timson has not satisfied this prong of the test. He was not a party below. We fail to further perceive how the errors alleged have caused him injury in fact. The second requirement as set forth in Data Processing Service v. Camp, supra, at 153, is that "* * * the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question. * * *" This requirement for standing is also unsatisfied. Timson does not fall within the zone of interests to be protected by the statute in question.

The judgment of the trial court from which Timson purports to initiate an appeal was an entry to seal court records in a criminal complaint dismissed for lack of probable cause. The trial court acted in accordance with the authority of Pepper Pike v. Doe (1981), 66 Ohio St. 2d 374, 20 O.O. 3d 334, 421 N.E. 2d 1303, and R.C. 2953.52 (effective September 26, 1984) in ordering all records in the case to be expunged and sealed. The Ohio Supreme Court in Pepper Pike v. Doe, supra, found jurisdiction in Ohio trial courts to order expungement and sealing of records in criminal cases where charges are dismissed, based upon the defendant's constitutional right to privacy. The General Assembly subsequently enacted R.C. 2953.52 to more precisely delineate the circumstances under which a trial court may order expungement and sealing of records of defendants in criminal cases. Thus, the zone of interests sought to be protected by the statute encompasses the acquitted defendant's constitutional right to privacy. Timson's interest as a concerned citizen is insufficient to

place him within the zone of interests sought to be protected by R.C. 2953.52. We find, therefore, that Timson has no standing to prosecute this appeal.

A second statutory basis exists for dismissing this appeal. Timson is not admitted to the bar of this state. Pursuant to R.C. 4705.01, he is therefore not authorized "* * * to commence, conduct, or defend any action or proceeding in which he is not a party concerned * * *." Even if he was an attorney, he would lack authority to appear personally in this case. While we construe Timson's concern as genuine, whether or not the defendant's application for an order to seal the official records in his case was properly opposed by the prosecution pursuant to R.C. 2953.52, the decision to object to the application and to appeal an order in favor of the defendant are matters of prosecutorial discretion not subject to the concerns of self-appointed private attorneys general.[1]

Accordingly, the motion to dismiss the appeal is sustained.

*Motion to dismiss sustained.*

STRAUSBAUGH and WHITESIDE, JJ., concur.

---

[1] The state's memorandum in support of its motion to dismiss states that Timson's purported appeal is "* * * unauthorized and unwarranted; and that such should be viewed with extreme judicial approbation * * *." We note that, were this appeal made with fraudulent intent or in bad faith, the attempt to initiate an appeal in the name of "STATE-TIMSON" or "State (of Ohio)-Timson" would not only be frivolous, vexatious, and fraudulent, but would border on criminal conduct. See R.C. 2921.13, falsification.