**FRANKLIN COUNTY REGIONAL SOLID WASTE MANAGEMENT AUTHORITY, Appellant and Cross–Appellee,**

v.

**SCHREGARDUS, Dir., Appellee and Cross–Appellant.**

[Cite as *Franklin Cty. Regional Solid Waste Mgt. Auth. v. Schregardus* (1992), 84 Ohio App.3d 591.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–910.

Decided Dec. 29, 1992.

592

*Porter, Wright, Morris & Arthur, Anthony J. Celebrezze, Jr.* and *Judith L. French–Berry,* for appellant.

*Lee Fisher,* Attorney General, *Jack Van Kley, Bryan F. Zima, Susan Ashbrook* and *Sarah E. Lynn,* Assistant Attorneys General, for appellee.

JOHN C. YOUNG, Presiding Judge.

This matter is before this court upon the appeal of the Franklin County Regional Solid Waste Management Authority ("Authority"), appellant, from the September 11, 1991 findings and orders of the Environmental Board of Review ("EBR"), appellee. According to the joint statement of facts, in November 1988, the Franklin County Commissioners ("commissioners") established the Franklin County Solid Waste Management District pursuant to R.C. 343.01. The Authority was created by an agreement between the legislative authorities of municipal corporations and townships in the district pursuant to R.C. 343.011(A). The Authority is vested with all of the duties and responsibilities imposed upon or granted to the commissioners for management of the district. The governing body of the Authority is the Board of Trustees (the "board") which consists of the following members:

"3. The governing body of the Authority is the Board of Trustees (the 'Board'), which consists of seven members. The Board members are Jack Foulk,[1] who is President of the Franklin County Board of County Commissioners; Denise Franz King, who is a member of the City of Dublin City Council; M.D.

---

1. Dorothy Teater has replaced Jack Foulk as President of the Franklin County Board of County Commissioners.

Portman, who is a member of the City of Columbus City Council; Jeffrey Cahill, who is the Assistant Director of the Franklin County Board of Health; Fred Carter, who is the Deputy Director of the City of Columbus Services Department; Mat Flanagan, who is a Township Trustee for Jefferson Township; and John Kane, who is Chief Executive Officer and President of Ross Laboratories. The duties and responsibilities of the Board of Trustees of the Authority are prescribed by statute." (Footnote added to Joint Statement of Facts, No. 3.)

The key employees of the Authority include Michael Long, the Executive Director, James Mental, Deputy Director of Operations, and David Gubanc, Chief Engineer.

This case is premised upon R.C. 3734.40 through 3734.47, which require applicants and permittees seeking a permit to operate or continue to operate a solid waste facility to submit disclosure statements and an investigation into their background. In a letter dated April 25, 1991, the commissioners notified the Director of the EPA of their intent to transfer the 1991 solid waste facility license for the Franklin County Replacement Landfill to the Authority. In a letter dated May 20, 1991, the Authority requested an exemption from the one hundred eighty-day waiting period for approval and an exemption from the disclosure statement filing requirements of R.C. 3734.42(F). In that letter, appellant proposed that its key employees provide the information as required by R.C. 102.02.

In his September 11, 1991 findings and orders, the director exempted the Authority from the one hundred eighty-day waiting period for approval. In regard to the Authority's request for an exemption from the R.C. 3734.42(F) disclosure statement filing requirements, order number two of the director's final findings and orders of September 11, 1991 provides:

"Pursuant to ORC Section 3734.02, Division (G), the Director exempts members of the board of trustees of the Authority, and only members of the board of trustees of the Authority from the requirement to submit disclosure statements, provided that in lieu of filing disclosure statements each member of the Authority's board of trustees shall, within 180 days of the effective date of this Order, submit to the Director and the Attorney General the information specified in Section 102.02 of the ORC. The Director and the Attorney General reserves [sic] all rights and authority to require any member of the Authority, not expressly made exempt by the provisions of ORC Sections 3734.40 through 3734.47, to file a disclosure statement."

The Authority asked the director for a clarification of his order and, while awaiting a response, filed a notice of appeal, without asserting any grounds, in order to preserve its right to an appeal. In a letter dated October 11, 1991, the

EPA responded to the Authority with a clarification. Thereafter, the Authority filed an amended notice of appeal.

The parties filed a joint statement of facts and agreed to submit the legal issues to the EBR. In a motion for summary resolution, the Authority sought an immediate disposition by the EBR that the September 11, 1991 findings and orders of the director were unreasonable and unlawful. Appellee not only opposed this motion but, also, moved to dismiss the appeal. In June 1992, the EBR upheld the director's order and overruled appellee's motion to dismiss. Thereafter, this appeal ensued.

Appellant asserts the following three assignments of error:

*"FIRST ASSIGNMENT OF ERROR:*

"The Environmental Board of Review erred in failing to rely on OAC 109:6–1–02 for determining that the order of the Director of the Ohio Environmental Protection Agency requiring members of the Board of Trustees of the Solid Waste Authority of Central Ohio to disclose information is unreasonable and unlawful.

*"SECOND ASSIGNMENT OF ERROR:*

"The Environmental Board of Review erred in failing to hold that the order of the Director of the Ohio Environmental Protection Agency requiring members of the Board of Trustees of the Solid Waste Authority of Central Ohio to disclose information is unreasonable and unlawful because it conflicts with OAC 109:6–1–02.

*"THIRD ASSIGNMENT OF ERROR:*

"The Environmental Board of Review erred in finding that the members of the Board of Trustees of the Solid Waste Authority of Central Ohio are 'key employees' under ORC Section 3734.41(E) and, therefore, are subject to the background disclosure requirements of ORC Chapter 3734."

The Director of the Environmental Protection Agency, Donald R. Schregardus, has filed a cross-appeal from the EBR's June 11, 1992 order overruling the director's motion to dismiss and affirming the director's September 11, 1991 findings and orders. The director's cross-assignment of error provides:

"The EBR erred in overruling Appellee Director's motion to dismiss for lack of jurisdiction over the subject matter, where Appellant Franklin County Regional Solid Waste Management Authority (the Authority) failed to satisfy the necessary prerequisites for perfecting an appeal to the EBR; where the Authority lacked standing to bring such an appeal; and where the Authority's appeal concerned an exemption request never presented to the Director."

Since appellee's cross-assignment of error raises issues regarding the EBR's jurisdiction and the propriety of the appeal, this court is compelled to address these issues initially. In relying upon the holding and rationale of *Am. Restaurant & Lunch Co. v. Glander* (1946), 147 Ohio St. 147, 34 O.O. 8, 70 N.E.2d 93, appellee argues that since appellant failed to comply with the appellate procedure set forth in R.C. 3745.04, the jurisdiction of the EBR had not been invoked and, thus, its decision was unlawful and unreasonable. R.C. 3745.04 provides, in relevant part:

"The appeal shall be in writing and shall set forth the action complained of and the grounds upon which the appeal is based.

"The appeal shall be filed with the board within thirty days after notice of the action. Notice of the filing of the appeal shall be filed with the appellee within three days after the appeal is filed with the board.

"Within seven days after receipt of the notice of appeal the director or local board of health shall prepare and certify to the board a record of the proceedings out of which the appeal arises, including all documents and correspondence, and a transcript of all testimony.

"Upon the filing of the appeal, the board shall fix the time and place at which the hearing on the appeal will be held. The board shall give appellant and the appellee at least ten days' written notice thereof by certified mail. The board shall hold the hearing within thirty days after the notice of appeal is filed. The board may postpone or continue any hearing upon its own motion or upon application of appellant or of the appellee.

"The filing of an appeal does not automatically suspend or stay execution of the action appealed from. Upon application by the appellant the board may suspend or stay such execution pending immediate determination of the appeal without interruption by continuances, other than for unavoidable circumstances."

The Director of the EPA issued his findings and orders on September 11, 1991. On October 11, 1991, the Authority filed the following notice of appeal:

"Notice is hereby given that the Franklin County Regional Solid Waste Management Authority (the Authority) appeals to the Environmental Board of Review from the action of Donald R. Schregardus, Director of Environmental Protection, Ohio Environmental Protection Agency, dated September 11, 1991, issuing Findings and Orders to the Authority. A copy of the Director's Findings and Orders is attached to this Notice of Appeal.

"Appellant and Appellee are currently engaged in discussions regarding the possible clarification of the Director's order. Appellant is filing this Notice of Appeal solely for the purpose of preserving its right of appeal under Ohio law.

"A copy of this Notice of Appeal is being filed with Appellee Donald R. Schregardus."

Subsequently, on December 4, 1991, appellant filed the following "Amended Notice of Appeal":

"Notice is hereby given that the Franklin County Regional Solid Waste Management Authority (the Authority) appeals to the Environmental Board of Review from the action of Donald R. Schregardus, Director of Environmental Protection, to Environmental Protection Agency, dated September 11, 1991, issuing Findings and Orders to the Authority. A copy of the Director's Findings and Orders is attached to this Amended Notice of Appeal.

"Appellant appeals from the Director's action on the grounds that it was unreasonable and unlawful for the Director to issue Order Number 2 of the Director's Findings and Orders, which, as clarified by a letter dated October 11, 1991, from Joan DeMartin to Michael D. Saad (copy attached), requires members of the Authority's Board of Trustees to file background information with the Director and the Attorney General.

"WHEREFORE, Appellant prays that:

"(a) Order Number 2 of the Director's Findings and Orders issued to the Authority on September 11, 1991, be declared unlawful and unreasonable; and

"(b) the Board grant Appellant such other relief as is just and proper."

■ The issue presented by appellee's cross-assignment of error is whether appellant's notice of appeal was in compliance with R.C. 3745.04 and, thus, invoked the jurisdiction of the EBR.

The requirements and procedures set forth in R.C. 3745.04 are specific and use statutory language which is mandatory. As stated in *Am. Restaurant, supra,* 147 Ohio St. at 150, 34 O.O. at 9, 70 N.E.2d at 94, "[w]here a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred."

There is no dispute that the appeal was filed within the thirty-day time period as prescribed by statute. However, R.C. 3745.04 requires that the appeal set forth " * * * the grounds upon which the appeal is based." In reviewing appellant's October 11, 1991 notice of appeal, it is apparent that the notice of appeal does not comply with the specific, mandatory requirement of setting forth " * * * the grounds upon which the appeal is based." The issue then becomes whether a subsequent, amended notice of appeal is precluded from curing a defective appeal. More recent decisions have placed less emphasis on the technicalities of the appeal process, and focus more upon whether the notice of appeal sufficiently advises all adverse parties of the order being challenged. See

*Mullins v. Whiteway Mfg. Co.* (1984), 15 Ohio St.3d 18, 15 OBR 15, 471 N.E.2d 1383; *Fisher v. Mayfield* (1987), 30 Ohio St.3d 8, 30 OBR 16, 505 N.E.2d 975. Thus, the courts look to see if the party appealing has accomplished the purpose of a notice of appeal, which is to notify the opposing party that the appeal is being taken.

Furthermore, the recent trend has permitted amendments to cure defective appeals if the appellee's interest was not unfairly prejudiced. See *Maritime Mfrs., Inc. v. Hi–Skipper Marina* (1982), 70 Ohio St.2d 257, 24 O.O.3d 344, 436 N.E.2d 1034. A liberal construction of the rules is required in order to prevent technicalities from precluding resolution of the parties' substantive rights.

In the facts before this court, the October 11, 1991 notice of appeal notified all parties that appellant was challenging the September 11, 1991 findings and orders of the director. Appellant sought clarification of the director's orders, appellee responded to that clarification, and appellant acted within a reasonable amount of time to cure the defect in the initial notice of appeal. The amended notice of appeal set forth the specific grounds upon which it was basing its appeal once it received the requested clarification.

The clarification was a letter dated October 11, 1991 from Joan DeMartin, an EPA attorney, to Michael Saad, then counsel for appellant. Had the letter been from the director, it might have been construed as a modification of the original order, perhaps extending the time for which to file an appeal. However, since the notice of appeal was filed timely, and the amended notice of appeal was filed within a reasonable time from the EPA's response to appellant's request for a clarification, this court is inclined to follow the holdings of the more recent decisions of *Mullins, Fisher* and *Maritime Mfrs., supra.*

In hindsight, it may have been appropriate to assert a general assignment of error for the purpose of complying with the statute and preserving the right of appeal, in order to avoid this type of problem, and then asserting a more specific assignment of error on an amended notice of appeal once clarification from the director was received. Accordingly, appellee was not unfairly prejudiced by the amendment to the notice of appeal and, thus, the appeal and the subsequent amendment properly invoked the jurisdiction of the EBR.

The next issue which appellee asserts is that the Authority lacked standing to appeal the findings and orders of the director. Appellee contends that the Authority does not have standing, since it cannot demonstrate an injury in fact. Appellee argues that, since the September 11, 1991 order of the director fulfills appellant's exemption request, appellant has suffered no injury and, thus, has no standing as an aggrieved party.

It is appellant's contention that the Authority made a request to the director on behalf of its key employees and the board for a conditional exemption from the background disclosure requirements of R.C. 3734.40 through 3734.47. The September 11, 1991 findings and orders of the director exempted the members of the board from the more stringent background disclosure requirements of R.C. 3734.40 through 3734.47, but required all the members of the board to submit disclosure statements required by the Ethics Commission pursuant to R.C. 102.02. Thus, the director denied appellant's request to exempt its key employees from the disclosure requirements of R.C. 3734.40 through 3734.47.

Upon review, in order to establish standing, the appellant must demonstrate an injury or a threat of injury. The analysis focuses upon whether the litigant is the proper party in the lawsuit, and not whether the issue itself is justiciable. The auxiliary requirements for standing vary from state court proceedings to federal court proceedings. However, basic to the establishment of standing is that the challenged action has caused, or will cause, the appellant injury in fact, economic or otherwise, and that the interest sought to be protected is within the realm of interests regulated or protected by the statute or constitutional right being challenged. See *Assn. of Data Processing Serv. Org., Inc. v. Camp* (1970), 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184; *State ex rel. Dayton Newspapers v. Phillips* (1976), 46 Ohio St.2d 457, 75 O.O.2d 511, 351 N.E.2d 127; and *State v. Keene* (1986), 33 Ohio App.3d 116, 514 N.E.2d 747.

At the appellate level, the term "standing" is more commonly referred to as a litigant's "right to appeal." As applied to the facts of this case, R.C. 3745.04 provides:

"Any person who was a party to a proceeding before the director may participate in an appeal to the environmental board of review for an order vacating or modifying the action of the director of environmental protection or local board of health, or ordering the director or board of health to perform an act. * * *"

Thus, pursuant to R.C. 3745.04, as a party to the proceeding before the director, appellant is given statutory authority to participate in an appeal to the EBR. Appellant's amended notice of appeal requests that the EBR declare the director's September 11, 1991 findings and orders as unlawful and unreasonable. Appellant argues in its brief that the director's September 11, 1991 findings and orders are overbroad, since they require board members that are not public officials and not key employees to comply with R.C. 102.02. Thus, appellant has met the threshold requirements for invoking the jurisdiction of the EBR, since it has a statutory right to appeal pursuant to R.C. 3745.04 and has asserted grounds

which allege a threat of injury to the board members which it asserts do not have to comply with either R.C. 3734.40 through 3734.47 or 102.02.

Last, appellee asserts that the issue presented by appellant on appeal is an exemption request which was never presented to the director. Appellee asserts that appellant never asked the director to excuse the four "non-exempt" board members from submitting any disclosure information. However, before the EBR, appellant argued that the four "non-exempt" trustees should not be required to file an R.C. 102.02 disclosure statement.

It is appellant's contention that it asked the director to exempt the key employees and members of the board required to file disclosure statements pursuant to R.C. 3734.40 through 3734.47, and suggested that, in the alternative, that they file disclosure statements pursuant to R.C. 102.02. Since these board members were considered to be public officials in a capacity separate from their membership on the Authority, they were already required to file disclosure statements with the Ethics Commission pursuant to R.C. 102.02. It is appellant's further contention that the remaining board members, the "non-exempt" members who were not public officials by virtue of their membership on the Authority and not key employees since they exercised no discretion in the daily operations of the solid waste facility, were not subjected to any disclosure statements. Since they were not required to submit to any disclosure statements, neither R.C. Chapter 3734 nor 102.02 or otherwise, appellant argues that it was a non-issue before the director. However, when the director usurped his power in his September 11, 1991 order and required these "non-exempt" board members to file disclosure statements pursuant to R.C. 102.02, appellant argues it became an issue on appeal.

Upon review, it is apparent that appellant's initial request to the Director of the EPA did not include a request for an exemption for the entire membership of the board. Once the director issued his September 11, 1991 findings and orders, the issue which appellant asserted on appeal was whether the "non-exempt" board members, who were not public officials in another capacity and not key employees, were required to file a disclosure statement pursuant to R.C. 102.02. This court finds that the appeal to the EBR was properly asserted and, accordingly, appellee's cross-assignment of error is not well taken and is over-ruled.

In the first and second assignments of error, appellant asserts that the EBR erred in failing to rely on Ohio Adm.Code 109:6–1–02 and that the director's September 11, 1991 order conflicts with Ohio Adm.Code 109:6–1–02. Appellant argues that as a governmental entity, the Authority is subject to the disclosure requirements set forth in Ohio Adm.Code 109:6–1–02(B)(6). Since that rule requires disclosure statements only from "key employees of the applicant or

permittee whose primary duties concern the operation of the subject facility," the rule is not applicable to the board members. Appellant argues that the board members' duties do not involve the daily operation of the Franklin County Solid Waste Facility and, thus, these board members are not key employees and not subject to any disclosure statements. Furthermore, appellant contends that the imposition of a filing requirement on board members not otherwise exempt from disclosure requirements will have a negative impact on the board's ability to attract highly qualified individuals, particularly from the business community. It is appellant's contention that the director's order requiring members of the board to disclose information conflicts with Ohio Adm.Code 109:6–1–02 and, thus, is unlawful and unreasonable.

It is important to note that the purpose for the regulations as set forth in the Ohio Administrative Code is to enhance the legislation of the Ohio Revised Code and set forth rules, as lawfully promulgated, to supplement that legislation with the practicalities of enforcement, compliance and administration. Thus, this court's primary focus, as was the EBR's, is the disclosure requirements as set forth in R.C. 3734.40 through 3734.47.

The public policy of the state mandates strict licensing requirements for prospective owners and permittees of solid waste facilities. R.C. 3734.40(D) and (E) provide, as follows:

"(D) That strict licensing standards will help ensure that members of the waste management industry in this state will continue to maintain standards of professionalism and responsibility;

"(E) That it therefore is vital to the interests of this state to prevent either direct or indirect entry into the operations of the off-site solid waste disposal and transfer and the off-site hazardous waste treatment, storage, and disposal, industries of persons who are not competent and reliable or who have pursued economic gains in an occupational manner or context violative of the criminal code or civil public policies of the state, and it is to the end of excluding such persons from those industries that the regulatory and investigatory powers and duties provided in sections 3734.41 to 3734.47 of the Revised Code shall be exercised to the fullest extent consistent with law."

Pursuant to R.C. 3734.40 through 3734.47, the prospective owner and certain key employees must file disclosure statements and submit to background checks to determine the prospective owner's fitness to hold the license and operate the facility in accordance with the public policy of the state. However, the legislature has given the director certain powers of exemption. R.C. 3734.02(G) states as follows:

"(G) The director may by order exempt any person generating, storing, treating, disposing of, or transporting solid wastes or hazardous waste, in such quantities or under such circumstances that, in the determination of the director, are unlikely to adversely affect the public health or safety or the environment from any requirement to obtain a permit or license or comply with the manifest system or other requirements of this chapter. Any such exemption shall be consistent with and equivalent to the regulations adopted by the administrator of the United States environmental protection agency under the 'Resource Conservation and Recovery Act of 1976,' 90 Stat. 2806, 42 U.S.C. 6921, as amended, except as otherwise provided in this chapter."

In order to determine whether the EBR properly upheld the director's discretionary exercise of his exemption authority, this court must first review the basic requirements for submitting an application for a transfer of a license to operate a solid waste facility and decide whether the director's order was in accordance with the policy of the state.

R.C. 3734.42 provides:

"(A)(1) Every applicant shall file a disclosure statement on a form developed by the attorney general, with the director of environmental protection and the attorney general at the same time he filed his application for a permit with the director.

" * * *

"(F)(1) Whenever there is a change in ownership of any off-site solid waste facility, including incinerators, any transfer facility, any off-site infectious waste treatment facility, or any off-site hazardous waste treatment, storage, or disposal facility, the prospective owner shall file a disclosure statement with the attorney general and the director at least one hundred eighty days prior to the proposed change in ownership. Upon receipt of the disclosure statement, the attorney general shall prepare an investigative report and transmit it to the director. The director shall review the disclosure statement and investigative report to determine whether the statement or report contains information that if submitted with a permit application would require a denial of the permit pursuant to section 3734.44 of the Revised Code. If the director determines that the statement or report contains such information, he shall disapprove the change in ownership."

An "applicant," as set forth in R.C. 3734.42, is defined in R.C. 3734.41(A) as:

" 'Applicant' means any person seeking a permit or license for an off-site facility."

■ Since a government entity is comprised of the individual's empowered to act on its behalf, this court finds that the members of the board are "applicants"

for purposes of this appeal. In *Rings v. Nichols* (1983), 13 Ohio App.3d 257, 13 OBR 320, 468 N.E.2d 1123, this court ruled that the "operator" of the Franklin County Solid Waste Facility had not been properly identified under Ohio Adm. Code 3745–27–01(0) and 3745–27–06(h)(3). On remand, the EBR held that:

" * * * The Board's evaluation of the testimony leads to but one conclusion and that is the Franklin County Commissioners will be in complete daily control of the landfill operations whether or not there is a subcontractor involved who provides equipment and operators for the actual construction movement." (EBR case Nos. 25839–25845.)

■ Based upon the *Rings* finding that the Franklin County Commissioners are the operators of the Franklin County Solid Waste Facility, it was not unreasonable for the director to base his decision on the premise that the Authority, as the prospective owner, was not only the applicant but would also become the operator of the Franklin County Solid Waste Facility, since the Franklin County Commissioners were not only transferring their ownership but presumably all of their duties as well.

Thus, pursuant to the intent of the applicable statutes, the legislature intended for the director and the Attorney General to maintain strict licensing standards and require every person who submits an application to subject himself and herself to the disclosure process in order to maintain the standards of professionalism and responsibility, and to preclude any element of criminal behavior from infiltrating the waste management industry in Ohio. In analyzing the tone of R.C. 3734.40 through 3734.47, it is unlikely that it was the legislature's intent to exclude applicants who could be categorized as non-key employees or non-public officials, as appellant suggests, particularly in light of the fact that the underlying basis for the disclosure statement and investigation is to provide a safeguard for keeping the criminal element from providing any influence or controlling the waste management industry. It is inconsistent with the stated policy of R.C. 3734.40 that the legislature intended for a segment of applicants, who could not be categorized as key employees or public officials, to escape the requirements of R.C. 3734.40 through 3734.47.

R.C. 3734.42(A)(1) gives the Attorney General the authority to develop the disclosure statement form. R.C. 3734.47 gives authority to the director and the Attorney General to promulgate rules which are necessary to implement R.C. 3734.40 through 3734.47. Appellant takes issue with Ohio Adm.Code 109:6–1–02, which is entitled "Disclosure Statements," and requires all applicants to file a disclosure statement in accordance with the rules. The rule distinguishes between two types of applicants, "business concerns" and "governmental entities," and requires a less intrusive disclosure process for governmental entities.

Since the Authority is a governmental entity, this court will analyze the relevant sections of Ohio Adm.Code 109:6–1–02, which provides:

"(1) *Every applicant* shall file with the attorney general a disclosure statement in accordance with these rules:

" * * *

"(3) If there is a change of ownership of an off-site facility, a prospective owner shall file a disclosure statement with the attorney general, as required by division (F) of section 3734.42 of the Revised Code, containing the information otherwise required of an applicant or permittee under this rule, at least one hundred eighty days prior to a proposed change in ownership as a change of ownership is defined in division (F) of section 3734.42 of the Revised Code.

" * * *

"(6) If the applicant or permittee is a governmental entity:

"(a) The information required by paragraphs (C)(1) to (C)(31) of this rule for each key employee of the applicant or permittee whose primary duties concern the operation of the subject facility; and

"(b) The name, address, and telephone number of the applicant or permittee and information required by paragraphs (D)(11) to (D)(16) and (D)(21) of this rule for the applicant or permittee[.]" (Emphasis added.)

In analyzing R.C. 3734.40 through 3734.47 and Ohio Adm.Code 109:6–1–02, it is apparent that the major underlying premise in requiring an extensive background investigation is to exclude those individuals with criminal records, or otherwise proven to be unreliable or incompetent. Furthermore, the background investigation program is designed to eliminate individuals likely to take advantage of their position for personal gain. The statute, R.C. Chapter 3734 and the rule, Ohio Adm.Code 106:6–1–02, are consistent in requiring "every applicant" to file a disclosure statement with the Attorney General. R.C. 3734.41(E) sets forth an automatic exemption for a "public official or employee as defined in division (B) of section 102.01 of the Revised Code who is required to file a statement under section 102.02 of the Revised Code * * *." The rationale of this exemption is that these public officials are already required to file disclosure statements with the Ethics Commission and, thus, their backgrounds are being reviewed by another governmental agency.

In applying R.C. 3734.40 through 3734.47 and Ohio Adm.Code 109:6–1–02 to the facts of this case, all applicants *albeit* all board members, were required to file disclosure statements with the Attorney General. Since three of the seven board members were required to file statements with the Ethics Commission as a requirement of their status as a public official pursuant to R.C. 102.02, they were

automatically exempted pursuant to R.C. 3734.41(E). In exercising his discretionary power of exemption pursuant to R.C. 3734.02(G), the director exempted the "non-public official" board members from the disclosure requirements of R.C. 3734.40 through 3734.47, and ordered them to submit to the director and the Attorney General the information specified in R.C. 102.02, which is the same information required to be submitted by the other three board members, given their status as public officials in a capacity separate from their service on the Authority. Appellant's premise that the four "non-public official" board members escape all disclosure requirements of R.C. 3734.40 through 3734.47 and Ohio Adm.Code 109:6-1-02 is contrary to the applicable statutes, the rule, and the public policy of the state as set forth in R.C. 3734.40. Accordingly, appellant's first and second assignments of error are not well taken and are overruled.

█ In the third assignment of error, appellant asserts that the EBR erred in finding that the members of the board are "key employees" under R.C. 3734.-41(E) and, therefore, subject to the background disclosure requirements of R.C. Chapter 3734. In its June 11, 1992 "Ruling On Director's Motion To Dismiss And Cross Motions For Summary Resolution And Findings Of Fact, Conclusions Of Law And Final Order," the EBR issued the following "Conclusions Of Law":

*"CONCLUSIONS OF LAW*

"1. In general, the disclosure and background investigation procedures relating to solid and hazardous waste operators were created by House Bill 592 in Ohio Revised Code sections 3734.40 through .47. Those sections, while not recited here due to their length, generally require the filing of 'disclosure statements' and create background investigation procedures and requirements and authorize the adoption of appropriate regulations by both the Ohio Attorney General and the Director of the Ohio EPA.

"2. ORC section 3734.02(G) provides that:

"The Director may by order exempt any person * * * from any requirement to obtain a permit or license or comply with the manifest system or other requirements of this chapter. * * *

"3. In relevant portion, Section 3734.41(E) provides that a:

" ' "Key employee" ' means any individual, other than a public official or employee as defined in Division (B) of section 102.01 of the Revised Code who is required to file a statement under section 102.02 of the Revised Code, employed by the applicant, or the licensee in a supervisory capacity or empowered to make discretionary decisions with respect to the solid waste, infectious waste, or hazardous waste operations of the business concern. * * *

"4. The Attorney General of the State of Ohio has adopted regulations under the authority of chapter 3734 regarding the filing and disclosure requirements. In these regulations, adopted as Chapter 109:6 of the Ohio Administrative Code, the Attorney General has recognized a distinction between government entity applicants and other applicants. Pursuant to OAC 109:6–1–02(B)(6) only key employees of a government entity applicant are required to file the complete disclosure forms called for in that chapter. No such regulations have been adopted by the Ohio EPA.

"5. The action of the Director under appeal in the present case, while recognizing the regulations of the Ohio Attorney General, has predicated its order solely upon the authority granted to the Director in section 3734.02(G) of the Ohio Revised Code. (Certification Record Item 3.)

"6. While the regulations adopted by the Attorney General recognize a distinction between government entity applicants and other applicants, chapter 3734 of the Ohio Revised Code does not explicitly create [or] recognize such a distinction.

"7. Section 3734.41(E) clearly recognizes that 'key employees' exist whether they are employed by public entities or by private entities. Under the Revised Code if any such 'key employee' is also required to file a disclosure statement under R.C. section 102.02 then that employee is not considered to be a 'key employee' for purposes of Chapter 3734; presumably to exempt them [sic] from any further disclosure filings.

"8. By the same token, if that employee is not required to file a disclosure statement pursuant to section 102 and meets the balance of the 'key employee' definition of section 3734.41(E) then that employee is a 'key employee' employee of a public entity. Thus, if the employee is working in a supervisory capacity or is empowered to make discretionary decisions with respect to the solid waste operations then that person is a key employee subject to the full regulatory authority and disclosure requirements of Chapter 3734 of the Revised Code.

"9. With respect to the question of whether compensation is an element of being a 'key employee' the Revised Code sheds little light on the subject. Section 3734.41(E) does not require nor does it imply that a 'key employee' be a person directly compensated for the duties being performed for the Solid Waste Authority. Public officials who are required to file a disclosure statement pursuant to section 102.02 of the Revised Code are obviously being compensated for their duties. However, as in the case of the public officials on the Board of the Franklin County Regional Solid Waste Management Authority, their compensation is not necessarily related to their position on the Board of the Authority. Thus, this section has recognized, or at least acknowledged, that being a 'key

employee' does not require that the employee receive compensation for the performance of those duties.

"10. The final element of section 3734.41(E) is whether or not the employee is employed in a supervisory capacity or is empowered to make discretionary decisions with respect to the waste disposal. The Board of Trustees, by their very nature, are 'empowered to make discretionary decisions' with respect to the waste operations. While it is true that their statutory duties will usually be performed in conjunction with others on the Board, these duties are, in essence discretionary. Thus the Board members are key employees of the Solid Waste Authority.

"11. Pursuant to section 3734.41(E) of the Revised Code, those Trustees of the Franklin County Solid Waste Management Authority who are not otherwise required to file disclosure statements under section 102 of the Revised Code are in fact 'key employees' subject to the regulatory authority of Chapter 3734 and are subject to the filing of disclosure statements.

"12. The action of the Director exempting those board members from the filing of disclosure statements pursuant to ORC section 3734.02 and requiring instead the information required in section 102.02 was within his area of discretion. The action is reasonable and lawful and should be affirmed.

"12. [sic, 13] The Director's motion to dismiss is not well taken and should be dismissed."

In light of this court's disposition of appellant's first and second assignments of error, the four "non-public official" board members who were not exempt from filing disclosure statements pursuant to R.C. Chapter 3734 were still required to file disclosure statements pursuant to R.C. Chapter 3734 by our interpretation of that chapter and when considering the explicit public policy of the state as set forth in R.C. 3734.40. This court also concluded that the director's order allowing these four "non-public official" board members to comply with the disclosure statements of R.C. 102.02, instead of the disclosure statements set forth in R.C. Chapter 3734, was a proper exercise of the director's discretionary authority of exemption pursuant to R.C. 3734.02(G). However, this court is compelled to address appellant's contention that the EBR erred by concluding that these four "non-public official" board members were required to submit to the regulatory authority of R.C. Chapter 3734 by virtue of the fact that they are "key employees" pursuant to R.C. 3734.41(E).

The first consideration for status as a "key employee" pursuant to R.C. 3734.41(E) is that the person is not otherwise required to file a disclosure statement pursuant to R.C. 102.02. The three board members considered to be public officials in a capacity separate from their position on the board are not

considered to be "key employees" for purposes of R.C. Chapter 3734, since the strict licensing policy of the state is safeguarded by a thorough investigation into their background via the requirements set forth in R.C. 102.02.

The next elements for consideration are whether the employee is working in a supervisory capacity or is empowered to make discretionary decisions with respect to the solid waste facility. It is appellant's argument that the board members, serving as executive policymakers without compensation, act as a unit and give directions by consensus and, thus, do not exercise an individual discretion. Furthermore, the duties set forth in R.C. 343.011 do not include the day-to-day operation of the solid waste facility. It is appellant's contention that the primary duty of the board is the development and implementation of a solid waste management plan for the Franklin County Solid Waste Management District as set forth in R.C. 3734.54(A).

Ohio Adm.Code 109:6–1–01(M) defines "key employee" as:

"(1) Means any individual:

"(a) Employed by the applicant or the permittee or the prospective owner in a supervisory capacity for the subject facility; or

"(b) Empowered to make discretionary decisions for the subject facility."

The phrase "empowered to make discretionary decisions" is further defined at Ohio Adm.Code 109:6–1–01(I) as:

" * * * [A]ny individual, including a foreman, who has been delegated authority which:

"(1) Is delegated in the interest of the employer;

"(2) Involves the exercise of that individual's independent judgment;

"(3) Is not merely authority to perform a routine or clerical task; and

"(4) Is authority which relates to any one or more of the following aspects of solid, infectious, or hazardous waste operations: the management of (including but not limited to evaluation of, identification of, labeling of, and monitoring of the effects of), handling of, disposal of, transportation of, storage of, or treatment of, solid waste, infectious waste or hazardous waste."

Each time the board acts or makes a decision, every individual board member exercises his or her independent judgment. The ultimate decision may be a result of a collective consensus; however, each individual board member is empowered to voice his or her independent opinion and or vote on any matter before the board. Under circumstances which may elicit divided opinions, an individual's independent vote may be the deciding factor in a matter before the board. Furthermore, the key employees, the Executive Director, Deputy Di-

rector of Operations and Chief Engineer, are not only accountable to the board but take their directions from the board. As the ultimate voice in decisions involving the Franklin County waste facility, the EBR properly concluded that the board members were empowered to make discretionary decisions regarding the solid waste facility.

The next consideration is whether compensation is an element for status as a "key employee." Appellant relies on the common meaning of the word "employee," which defines "employee" as "one employed by another usu[ally] in a position below the executive level and usu[ally] for wages," citing Webster's Third New International Dictionary (1981) 743. Although the issue of compensation as it relates to a "key employee" is not discussed in R.C. 3734.41(E), Ohio Adm.Code 109:6–1–01(M) sets forth two definitions for "key employee." Ohio Adm.Code 109:6–1–01(M)(1)(a) uses the term "employed by" which, by implication, would suggest that the individual is receiving wages or some type of compensation from the applicant, permittee, or prospective owner. However, the second definition, Ohio Adm.Code 109:6–1–01(M)(1)(b), simply defines a "key employee" as an individual "[e]mpowered to make discretionary decisions for the subject facility." There is no mention of compensation in Ohio Adm.Code 109:6–1–01(M)(1)(b). Thus, Ohio Adm.Code 109:6–1–01(M)(1)(b) defines a "key employee" as an individual empowered to make discretionary decisions for the subject facility and, by implication, suggests that this individual need not be compensated. Accordingly, pursuant to the definition set forth in Ohio Adm.Code 109:6–6–01(M)(1)(b), and reinforcing our earlier disposition that the board members are vested with discretionary authority, the EBR did not abuse its discretion and, thus, properly concluded that the four "non-public official" board members not otherwise required to file disclosure statements pursuant to R.C. 102.02 are "key employees" subject to the regulatory authority of R.C. Chapter 3734. Furthermore, the action of the EBR in affirming the director's order exempting these board members from the filing of disclosure statements pursuant to R.C. 3734.02 and requiring instead for them to furnish the same information pursuant to R.C. 102.02 as the other "public official" board members, was within the director's discretion and, thus, the EBR's action is lawful and reasonable.

Based on the foregoing, appellant's first, second and third assignments of error are not well taken and are overruled. Appellee's cross-assignment of error is overruled. The final order of the Environmental Board of Review is hereby affirmed.

*Order affirmed.*

BOWMAN and PETREE, JJ., concur.