OPINION
Appellant, Bob Yost, brings this appeal from a June 13, 2001 order of the Environmental Review Appeals Commission ("Commission") dismissing his appeal of the Director of the Ohio Environmental Protection Agency's ("Ohio EPA") dismissal of verified complaints alleging violations of environmental law he filed with the Ohio EPA. For the reasons expressed in the following opinion, we affirm the decision of the Environmental Review Appeals Commission.
The facts that are relevant to the issue raised on appeal are as follows. Yost, a resident of the City of Mansfield, Richland County, Ohio, is an environmental investigator and a sales consultant in farm manure systems. In 1998 and 1999 Yost filed four complaints with the Ohio EPA alleging that, while acting within his professional capacities, he had observed various violations of environmental law. Three of Yost's complaints alleged separate violations occurring at individual facilities located in Wyandot, Marion, and Crawford Counties, which are the subject of three separate appeals pending before this court. Yost's fourth complaint alleged violations occurring in Pike County, which is in the Fourth Appellate District and is not a part of the instant appeal.
On December 2, 1998, Yost filed a complaint alleging that violations of Ohio's Permit to Install rules were occurring at the Hord Livestock, Inc. operation in Crawford County. On October 19, 2000, the Director of Environmental Protection ("Director") dismissed this complaint, indicating that he had investigated the allegations and determined that the alleged violations were no longer occurring and that future violations of the kind were unlikely to occur. Yost timely appealed this dismissal to the Commission on November 20, 2000.
On September 7, 1999, Yost filed a compliant alleging that violations of law were occurring at the Albright Sow Farm in Marion County. On October 4, 2000, the Director determined that the requests in the complaint "did not fall within the authority of the Ohio EPA and that the violations alleged in [the] complaint have not occurred, are not occurring, or are unlikely to occur" in the future, dismissed the complaint, and informed Yost that he could appeal to the Commission.
On May 17, 1999, Yost filed a complaint alleging that the Kalmbach Feeds, Inc. livestock operation in Wyandot County was making unauthorized discharges into State waters. On December 28, 2000, the Director dismissed the complaint, finding that the operations did not house the requisite number of animals to fall within the Ohio EPA's regulatory parameters and that an investigation revealed no evidence indicating that violations of environmental laws were occurring at the Kalmbach Feeds facility. Yost appealed the dismissal of all three complaints to the Commission on January 10, 2001.
On April 9, 2001, the Director moved to have all of Yost's appeals dismissed, asserting that Yost lacked standing to appear before the Commission. The Commission heard oral arguments concerning the issue of standing on April 26, 2001. On June 13, 2001, the Commission issued an order in which it found that Yost failed to present evidence establishing that he was an "aggrieved or adversely affected" party for the purposes of standing and thereby dismissed his appeals. This appeal followed.
Appellant presents the following single assignment of error:
 Assignment of Error Whether the Environmental Review Appeals Commission erred in granting the Director's Motion to Dismiss on the grounds that Appellant was not adversely affected by the conduct complained of in his verified complaint, and without granting a public hearing as requested.
In his sole assignment of error, Yost contends that the commission erred in finding that he lacked standing and, therefore, requests that the dismissal of his appeal by the commission be overturned.
R.C. 3745.06 states, in part:
 Any party adversely affected by an order of the environmental review appeals commission may appeal to the court of appeals of Franklin County, or, if the appeal arises from an alleged violation of a law or regulation, to the court of appeals of the district in which the violation was alleged to have occurred.
An appellate court, on appeal from an Environmental Review Appeal Commission order, is confined to the record as certified to it by the Commission and shall affirm the Commission's order "if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law."[1]
In determining whether a person has been "adversely affected" for purposes of R.C. Chapter 3745, courts generally look to principles applicable to traditional standing analysis.[2] Standing requirements ensure that the party challenging an order has a "personal stake in the outcome of the controversy."[3] "The analysis focuses upon whether the litigant is the proper party in the lawsuit, and not whether the issue itself is justiciable * * *."[4]
Because "adversely affected", for the purposes of R.C. Chapter 3745, is defined within the bounds of the legal concept of standing, it is unrelated to and distinguishable from the common definition of "adversely affected." To establish standing, a party must demonstrate an injury infact, which requires a showing that the party has suffered or will suffer a specific injury traceable to the challenged action, that the interest sought to be protected is within the sphere of interests protected or regulated by the statute in question, and that this injury is likely to be redressed if the court invalidates the action or inaction.[5] The alleged injury must be concrete, rather than abstract or speculative.[6]
Yost concedes and does not argue that he has been adversely affected or aggrieved by the commission's order because he resides near the operations: Yost lives between twenty and forty miles from the facilities. Moreover, Yost does not contend and the record does not reveal that the failure to investigate alleged violations or enforce regulations produced any form of financial impact upon his businesses. Instead, Yost asserts that as an environmental investigator, a sales consultant in farm manure systems, and a "an advocate of the small farm", "he personally observed violations of the law which thoroughly aggrieve him" and that "[t]he perceived unwillingness of the EPA to act on blatant violations of existing laws and regulations has proved to be a major impediment to his ongoing business, since it has undermined hisfaith in their ability to regulate * * *." (emphasis added). Yost specifically cites the following excerpt of his testimony before the Commission:
 When I see actual birds and waterfowl swimming in manure that's being discharged illegally, that impacts me, because I have a great love for wildlife and like that * * * it's inconceivable that some of these things are done on these farms that affects not only the wildlife, but our way of living and they're done without regard to any kind of safety and that severely impacts me as far as my ability to go on without saying anything.
In essence, Yost attempts to gain standing merely by virtue of being a resident of the State who feels bound by moral obligation to protect the environment and is emotionally impacted by perceived violations of law. However, it is well established that "a general interest as a citizen does not convert an individual right into a right which would permit any citizen who suffers no distinct harm to sue a government agency."[7]
The emotional impact from, loss of faith in, or personal distaste for a particular situation, law, or governmental proceeding, without more, does not satisfy the legal concept of "adversely affected" or "aggrieved" for purposes of standing. A review of the record reveals that, even if the commission ordered Appellee to do the requested actions, Yost has failed to demonstrate that, for purposes of standing, he has been "adversely affected" by the commission's order or how he would directly benefit from the outcome of this case. Accordingly, Yost's assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the Environmental Review Appeals Commission is hereby affirmed.
Judgment affirmed.
BRYANT and HADLEY, JJ., concur.
[1] R.C. 3745.06.
[2] Johnson's Island Property Owners' Association v. Schregardus (June 30, 1997), Franklin App. No. 96APH10-1330, unreported; Martin v.Schregardus (Sept. 30, 1996), Franklin App. No. 96APH04-433, unreported;Franklin Cty. Regional Solid Waste Mgt. Auth. v. Schregardus (1992),84 Ohio App.3d 591, 599.
[3] Middletown v. Ferguson (1986), 25 Ohio St.3d 71, 75.
[4] Franklin Cty. Regional Solid Waste Mgt. Auth. v. Schregardus
(1992), 84 Ohio App.3d 591, 599.
[5] In re Estate of York (1999), 133 Ohio App.3d 234, 241, citing Eng.Technicians Assn. v. Ohio Dept. of Transp. (1991), 72 Ohio App.3d 106,110-11; Franklin Cty. Regional Solid Waste Mgt. Auth. v. Schregardus
(1992), 84 Ohio App.3d 591, 599.
[6] State ex rel. Consumers League of Ohio v. Ratchford (1982),8 Ohio App.3d 420, 424.
[7] Lujan v. Defenders of Wildlife (1992), 112 S.Ct. 2130.