DECISION AND JUDGMENT ENTRY
Bob Yost appeals the decision of the Environmental Review Appeals Commission ("ERAC") upholding the Director of Environmental Protection's dismissal of his complaint. He raises the following assignment of error for our review:
 WHETHER THE ENVIRONMENTAL REVIEW APPEALS COMMISSION ERRORED (SIC) IN GRANTING THE DIRECTOR'S MOTION TO DISMISS ON THE GROUNDS THAT APPELLANT WAS NOT ADVERSELY AFFECTED BY THE CONDUCT COMPLAINED OF IN HIS VERIFIED COMPLAINT.
We find appellant's argument to be meritless and affirm the decision of the ERAC.
Appellant is an environmental consultant specializing in manure management systems. He resides in Mansfield, Richland County, Ohio. In May and June, 2000, appellant filed verified complaints with the director of the Ohio Environmental Protection Agency, citing violations of environmental law at the Pork Champ, LLC facility located in Waverly, Pike County, Ohio.[1] In January, 2001, after visiting the Pork Champ facility, the director dismissed the complaint, stating that there were no current violations of environmental law at the facility. The director also stated that, while there had been a previous violation by Pork Champ, the violation was not now occurring and was not likely to occur in the future. Appellant appealed the director's dismissal to the ERAC. In March, 2001, the director filed a motion to dismiss based on appellant's lack of standing. The ERAC held a hearing on the motion and later granted the director's motion to dismiss. In its order, the commission found that appellant had not offered "a single way in which he had been aggrieved or adversely affected by the alleged violations." Accordingly, the ERAC concluded that he lacked standing and dismissed his appeal. Appellant then filed this appeal with the clerk of the Pike County Court of Appeals.
Appeals from the decisions of administrative agencies are largely controlled by legislative provisions. R.C. 3745.06, which involves environmental proceedings, states:
 Any party adversely affected by an order of the environmental review appeals commission may appeal to the court of appeals of Franklin county, or, if the appeal arises from an alleged violation of a law or regulation, to the court of appeals of the district in which the violation was alleged to have occurred. Id.
Because the alleged conduct took place in Pike County, Ohio, we have jurisdiction over this appeal. Under R.C. 3745.06, our standard of review requires us to affirm an order of the ERAC if it is "supported by reliable, probative, and substantial evidence and is in accordance with law." Ashland Chemical Co. v. Jones (2001), 92 Ohio St.3d 234, 238,749 N.E.2d 744, 747; R.C. 3745.06.
Appellant argues that dismissal was improper because he was adversely affected by the conduct of Pork Champ, LLC, and thus, has standing to bring an appeal. Under R.C. 3745.08, any person who is "aggrieved or adversely affected" may file a complaint with the director of environmental protection. Likewise, R.C. 3745.06 requires the appellant to have been "adversely affected by an order" of the commission. Thus, we must determine whether appellant was "aggrieved" or "adversely affected" by the alleged conduct and could properly appeal the director's decision. We are guided in this case by traditional standing principles. See Franklin Cty. Solid Waste Mgt. Auth. v. Schregardus (1992),84 Ohio App.3d 591, 599, 617 N.E.2d 761.
In order to establish standing, a party must show that the challenged action has caused, or will cause, the party an injury in fact, be it economic or otherwise. A party must also establish that the interest being asserted is within the scope of interests regulated or protected by the statutory provision or constitutional right at issue. State ex rel.Dayton Newspapers, Inc. v. Phillips (1976), 46 Ohio St.2d 457, 459,351 N.E.2d 127, 129; Franklin Cty. Regional Solid Waste Mgt. Auth. v.Schregardus (1992), 84 Ohio App.3d 591, 599, 617 N.E.2d 761. The alleged injury must be definite, not abstract or speculative; the appellant must show that he has suffered or will suffer a specific injury from the challenged inaction, and that the injury will be redressed if the court invalidates the inaction. Woods v. Oak Hill Community Med. Ctr. (1999),134 Ohio App.3d 261, 268-269, 730 N.E.2d 1037, 1042; State ex rel.Consumers League of Ohio v. Ratchford (1982), 8 Ohio App.3d 420, 424,457 N.E.2d 878, 883. The injury must be actual and immediate or threatened. See State ex rel. Connors v. Ohio Dept. of Trans. (1982),8 Ohio App.3d 44, 46-47, 455 N.E.2d 1331, 1334.
At the hearing before the ERAC, the commissioners asked appellant several times how he was aggrieved or adversely affected by the alleged environmental infractions. Yost concedes that he does not live near the Pork Champ facility, which is located almost 120 miles away from his home. His only claim appears to be that he is a citizen of the state and has an obligation to see that the environmental laws are being enforced. Appellant stated at the hearing: "I feel it's very — it's a very large detriment to our environment by letting some of the things happen that have happened." When asked at the hearing how he would be affected personally, Yost replied, "Because personally I — I live here in the state. I've actually seen birds feeding on these dead carcasses." Furthermore, in his own brief, appellant cited his testimony:
 When I see actual birds and waterfowl swimming in manure that's being discharged illegally, that impacts me, because I have a great love for wildlife and like that. It's inconceivable that some of these things are done on these farms that affects not only the wildlife but our way of living and they're done without regard to any kind of safety and that severely impacts me as far as my ability to go on without saying anything.
Yost attempts to gain standing merely by virtue of being a citizen of the state, rather than by showing any direct personal injury or impact. However, a general interest as a citizen, without a distinct injury, does not satisfy the requirements of standing. The personal distaste for a particular situation or perceived lack of faith in any agency's administration of its role, without more, does not satisfy the legal concepts of "adversely affected" or "aggrieved" for purposes of standing. Yost v. Jones (Nov. 15, 2001), Marion App. No. 9-01-37, unreported, citing Lujan v. Defenders of Wildlife (1992), 504 U.S. 555,112 S.Ct. 2130. Standing requirements ensure that the party pursuing an action has a personal stake in the outcome of the controversy. Id. Appellant has failed to satisfy this requirement.
ERAC's conclusion that the appellant lacks standing is supported by reliable, probative and substantial evidence and is in accordance with the law. We affirm its order of dismissal.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Environmental Review Appeals Commission to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Evans, J.: Concur in Judgment and Opinion.
[1] Appellant also filed verified complaints involving facilities located in Wyandot, Marion, and Crawford Counties. These cases have already been decided in the Third Appellate District and are not part of this appeal.