**CITY OF OLMSTED FALLS, Ohio, Appellee,**

v.

**JONES, Director of Environmental Protection, Appellant,**

**City of Olmsted Falls, Ohio, Appellee,**

v.

**Jones, Director of Environmental Protection, Appellee;
City of Cleveland, Ohio, Appellant.**

[Cite as *Olmsted Falls v. Jones,* 152 Ohio App.3d 282, 2003-Ohio-1512.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 02AP–753 and 02AP–761.

Decided March 27, 2003.

Chevalier, Allen & Lichman, L.L.P., Barbara E. Lichman and Berne C. Hart; Carbone & Murphy Co., L.P.A., Rick J. Carbone and Paul T. Murphy, for appellee city of Olmsted Falls.

Jim Petro, Attorney General, Margaret A. Malone and Daniel Martin, Assistant Attorneys General, for appellant Christopher Jones, Director of Environmental Protection.

Subodh Chandra, Cleveland Law Director, Julianne Kurdila and Nancy A. Kelly, Assistant Law Directors, for appellant city of Cleveland, Ohio.

Eugene P. Whetzel, for amicus curiae Ohio State Bar Association.

PETREE, Presiding Judge.

{¶ 1} On July 5, 2000, the city of Cleveland ("Cleveland") submitted a permit application to the Army Corps of Engineers ("ACOE") for a permit under Section 404 of the Clean Water Act, Section 1341, Title 33, U.S.Code, for authorization to discharge dredged or fill materials into waters of the United States during an expansion project of Cleveland Hopkins International Airport. On that same day, Cleveland also submitted an application to the Ohio Environmental Protection Agency ("OEPA") for certification pursuant to Section 401 of the Clean Water Act, Section 1341, Title 33, U.S.Code ("Section 401"). The expansion project was going to impact wetlands and Abram Creek.

{¶ 2} On April 13, 2001, the Director of the OEPA ("Director") sent the ACOE a letter in which he informed the ACOE that he was waiving the state of Ohio's authority to act on Cleveland's request for Section 401 certification process. The city of Olmsted Falls ("Olmsted Falls") appealed from the Director's waiver to the Environmental Review Appeals Commission ("ERAC"). Cleveland filed a motion to intervene, which was granted. Cleveland and the Director filed several motions to dismiss. Olmsted Falls filed a motion for summary judgment on its claim that Ohio law standing alone, or in combination with federal law, does not grant the Director the power to waive the state's authority to act on an application for 401 certification and, therefore, his action in doing so is unlawful. ERAC denied the motions to dismiss and granted Olmsted Falls's motion for summary judgment.

{¶ 3} In case No. 02AP–761, Cleveland filed a notice of appeal and raises the following assignments of error:

{¶ 4} "[1.] The Environmental Review Appeals Commission erred in denying the joint motion of the city of Cleveland and Christopher Jones, Director, Ohio Environmental Protection Agency, to dismiss the administrative appeal of the city of Olmsted Falls.

{¶ 5} "[2.] The Environmental Review Appeals Commission erred in denying the motion of the city of Cleveland to dismiss the administrative appeal of the city of Olmsted Falls.

{¶ 6} "[3.] The trial court erred in granting the motion of the city of Olmsted Falls for summary judgment under Rule 56 of the Ohio Rules of Civil Procedure."

{¶ 7} In case No. 02AP–753, the Director also filed a notice of appeal and raises the following assignments of error:

{¶ 8} "[1.] The Environmental Review Appeals Commission Erred in Denying the Director of Environmental Protection's and the city of Cleveland's Joint Motion to Dismiss Olmsted Falls' Administrative Appeal Because the Matter Appealed by Olmsted Falls is Moot.

{¶ 9} "[2.] The Environmental Review Appeals Commission Erred in Denying the Director of Environmental Protection's and the city of Cleveland's Joint Motion to Dismiss Olmsted Falls' Administrative Appeal Because Olmsted Falls Lacks Standing to Bring the Appeal.

{¶ 10} "[3.] The Environmental Review Appeals Commission Erred in Denying the Director of Environmental Protection's Motion to Dismiss Olmsted Falls' Administrative Appeal Because the Appeal was Not Properly Commenced by a Person Authorized to Practice Law in Ohio or by a *Pro Se* Appellant.

{¶ 11} "[4.] The Environmental Review Appeals Commission Erred in Denying the Director of Environmental Protection's Motion to Dismiss Olmsted Falls' Administrative Appeal Because Olmsted Falls Did Not Appeal an 'Action' of the Director.

{¶ 12} "[5.] The Environmental Review Appeals Commission Erred in Granting Olmsted Falls' Motion for Summary Judgment Because It Incorrectly Found That the Director of Environmental Protection Lacks the Authority to Waive the State of Ohio's Authority to Act on a 401 Certification Application."

{¶ 13} For purposes of briefing and argument, the two appeals were consolidated.

{¶ 14} R.C. 3745.06 provides our standard of review as follows:

{¶ 15} "The court shall affirm the order complained of in the appeal if it finds, upon consideration of the entire record * * * that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it shall reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * * "

{¶ 16} In both Cleveland's first assignment of error and the Director's second assignment of error, they contend that Olmsted Falls lacks standing to appeal from the Director's action to ERAC. R.C. 3745.04 governs appeals to ERAC and provides:

{¶ 17} "Any person who was a party to a proceeding before the director may participate in an appeal to the environmental review appeals commission for an order vacating or modifying the action of the director of environmental protection * * *."

{¶ 18} In *Martin v. Schregardus* (Sept. 30, 1996), Franklin App. Nos. 96APH04–433 and 96APH04–434, 1996 WL 550184, this court stated:

{¶ 19} "[In] considering both R.C. 3745.04 and *Cincinnati Gas [& Elec. Co. v. Whitman* (1974), 11 O.O.3d 192], we find it necessary to administer a two-prong test to determine whether a person is a party. First, did the person appear before the director, presenting his arguments in writing or otherwise; and, second, was the person 'affected' by the action or proposed action."

{¶ 20} In this case, the parties do not dispute that Olmsted Falls participated by submitting comments during the comment period. At issue is whether Olmsted Falls was affected by the letter written by the Director.

{¶ 21} In *Franklin Cty. Regional Solid Waste Mgt. Auth. v. Schregardus* (1992), 84 Ohio App.3d 591, 599, 617 N.E.2d 761, this court further explored the requirements to establish standing. First, we look to traditional standing analysis, and the appellant has the burden of demonstrating that it has standing. See, also, Ohio Adm.Code 3746–5–30(A). The party must demonstrate "that the challenged action has caused, or will cause, the appellant injury in fact, economic or otherwise, and that the interest sought to be protected is within the realm of interests regulated or protected by the statute" or constitutional right being challenged. Id. This court has stated that "[t]he alleged injury must be concrete, rather than abstract or suspected; a party must show that he or she has suffered or will suffer a 'specific injury, even if slight, from the challenged action or inaction, and that this injury is likely to be redressed if the court invalidates the action or inaction.'" See *Johnson's Is. Prop. Owners' Assn. v. Schregardus* (June 30, 1997), Franklin App. No. 96APH10–1330, 1997 WL 360851, quoting *State ex rel. Consumers League of Ohio v. Ratchford* (1982), 8 Ohio App.3d 420, 424, 8 OBR 544, 457 N.E.2d 878. The court in *Johnson's Island* further stated that the injury must be actual and immediate or threatened. However, if a threatened injury is alleged, the party must demonstrate a realistic danger arising from the challenged action. Id.

{¶ 22} In this case, the parties submitted five stipulated facts to ERAC as follows:

{¶ 23}  "1. The City of Cleveland, Ohio ('Cleveland') owns and operates the Cleveland Hopkins International Airport ('CLE').

{¶ 24}  "2. Olmsted Falls is a city located approximately 2.2 miles southwest of CLE.

{¶ 25}  "3. On July 5, 2000, the City of Cleveland, Department of Port Control ('DPC'), submitted an Application for a Clean Water Act Section 401 Water Quality Certification to the Ohio Environmental Protection Agency ('OEPA').

{¶ 26}  "4. On December 8, 2000, OEPA issued a Public Notice of Receipt of Cleveland's 401 Application and Public Hearing.

{¶ 27}  "5. On April 13, 2001, the Director, OEPA, sent a letter, 'Re: City of Cleveland Department of Port Control Application for Section 401 Water Quality Certification Expansion of Cleveland Hopkins International Airport,' to Paul Leuchner, U.S. Army Corps of Engineers."  (Exhibit EE.)

{¶ 28}  The only other evidence presented at the hearing on the motions was the April 13, 2001 letter from the Director to the ACOE in which the Director waived the state of Ohio's authority to act on Cleveland's request for Section 401 certification process and the December 8, 2000 public notice.  A copy of the ACOE guidelines for 404 permits was also provided to ERAC. ERAC stated in its ruling that the five stipulations of fact and the Director's letter and the public hearing notice were the evidence it relied upon in reaching its decision.  ERAC also stated in its ruling that it determined that Olmsted Falls possessed standing from a consideration of the stipulated facts.

{¶ 29}  In the Director's April 13, 2001 letter, he stated that the project would impact 87.75 acres of wetlands of the 94 acres presently on the property, and 7,900 linear feet of Abram creek and its tributaries.  The December 8, 2000 public notice of the receipt of 401 application and public hearing provided that the discharges from the activity would result in degradation to, or lowering of, the water quality of Abram Creek and its tributaries and wetlands.  However, this evidence does not demonstrate how the impact will cause Olmsted Falls to suffer an injury.  The stipulated facts indicate that Olmsted Falls is a city located approximately 2.2 miles southwest of Cleveland Hopkins International Airport.  However, being a city within close proximity of the airport is not a concrete or specific injury as required to demonstrate standing.  Proximity is only a factor when coupled with a threatened or actual injury.  *Temple v. Schregardus* (May 27, 1999), Franklin App. No. 98AP–650, 1999 WL 373655.  The evidence provides only that the land and water will be affected but does not demonstrate the effect on Olmsted Falls.

{¶ 30}  Olmsted Falls argues that it is affected merely because it is a city and, as such, has the responsibility for providing for public health and safety.

However, merely being a city does not confer standing without demonstrating the adverse impact or injury resulting from the Director's letter.

{¶ 31} Olmsted Falls also argues that the ACOE guidelines demonstrate an injury because in them the ACOE recognizes that a violation of the regulations and guidelines may cause injury. However, Olmsted Falls has not demonstrated that there is an actual injury to the city but, rather, only the potential effects of a violation. Thus, Olmsted Falls does not have standing, and ERAC erred in overruling Cleveland's and the Director's joint motion to dismiss. Cleveland's first assignment of error and the Director's second assignment of error are well taken.

{¶ 32} Based upon our ruling on Cleveland's first assignment of error and the Director's second assignment of error, the other assignments of error are rendered moot.

{¶ 33} For the foregoing reasons, Cleveland's first assignment of error and the Director's second assignment of error are sustained, and Cleveland's second and third and the Director's first, third, fourth, and fifth assignments of error are moot. The order of the Environmental Review Appeals Commission is reversed, and this cause is remanded to that commission for further proceedings in accordance with law and consistent with this opinion.

Order reversed
and cause remanded.

DESHLER, J., concurs.

BROWN, J., concurs in judgment only.