**FDS COKE PLANT, L.L.C., Appellee,**

v.

**JONES, Dir., Appellee; Sierra Club, Appellant.**

[Cite as *FDS Coke Plant, L.L.C. v. Jones,* 166 Ohio App.3d 224, 2006-Ohio-1642.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 04AP–971.

Decided March 31, 2006.

Vorys, Sater, Seymour & Pease, L.L.P., William D. Hayes, and Richard P. Fahey; Gardner, Carton & Douglas, L.L.P, and Francis X. Lyons, for FDS Coke Plant, L.L.C.

Jim Petro, Attorney General, and John K. McManus, Assistant Attorney General, for Christopher Jones, Director of Environmental Protection.

E. Dennis Muchnicki, for Sierra Club.

CHRISTLEY, Judge.

{¶ 1} Appellant, the Sierra Club, appeals from an order of the Environmental Review Appeals Commission ("ERAC"). That order denied its motion for leave

to intervene as a party appellee in an earlier appeal ("FDS Coke appeal") by FDS Coke Plant, L.L.C. ("FDS Coke"). The FDS Coke appeal challenged certain conditions set out in a permit issued by Christopher Jones, the Ohio Director of Environmental Protection ("the director"). FDS Coke is unquestionably an appellee in the instant Sierra Club appeal, as both FDS Coke and the director oppose the Sierra Club's participation in FDS Coke's appeal to ERAC.

{¶ 2} The permit at issue in the FDS Coke appeal referred to the "permit to install" application of FDS Coke to the Ohio EPA for a proposed coking plant to be operated in Oregon, Ohio. The director issued a final permit with certain conditions on June 14, 2004. Three appeals ensued with ERAC: One was FDS Coke's appeal from certain limits and conditions imposed by the director in the permit. It named the director as appellee. Another appeal was the Sierra Club's appeal naming FDS Coke and the director as appellees. It asserted that the permit as granted was too lenient in the conditions imposed. Finally, the nearby village of Haborview filed a separate but similar appeal to that of Sierra Club. The appeal to ERAC by the village is not at issue in the appeal before us.

{¶ 3} In addition to its own role as an appellant, the Sierra Club also filed a motion to intervene as an appellee in the FDS Coke appeal. By order entered August 25, 2004, ERAC denied Sierra Club's motion to intervene as an appellee in FDS Coke's appeal. It also stated that the appeals of appellants Sierra Club and FDS, which originally were set to be considered in a single hearing, would be heard in separate hearings.

{¶ 4} Sierra Club has appealed from this denial of its motion to intervene as an appellee, bringing the following assignment of error:

> The Environmental Review Appeals Commission erred when it asserted the discretion to deny Sierra Club's statutory right to participate as a party appellee supporting the director in FDS' appeal challenging provisions of FDS' permit to install which provisions were supported by Sierra Club's expert in written comments provided to the director during his non-adjudicatory proceeding to determine the terms and conditions of FDS' permit to install.

{¶ 5} R.C. 3745.06 provides for an appeal to this court from a decision of ERAC and sets forth a standard of review. Under that standard, we must affirm the order complained of if, upon consideration of the entire record and such additional evidence as this court has at its discretion admitted, the order is supported by reliable, probative, and substantial evidence and is in accordance with law. Unlike the FDS Coke appeal, the instant appeal presents only questions of law. No additional evidence is before us beyond the record transmitted from ERAC. Therefore, the issue before us is whether ERAC's denial of Sierra Club's motion to intervene was in accordance with law.

{¶ 6} Appeals to ERAC from proceedings before the director are governed by R.C. 3745.04, providing as follows:

Any person who was a party to a proceeding before the director of environmental protection may participate in an appeal to the environmental review appeals commission for an order vacating or modifying the action of the director or a local board of health, or ordering the director or board of health to perform an act. The environmental review appeals commission has exclusive original jurisdiction over any matter that may, under this section, be brought before it.

The person so appealing to the commission shall be known as appellant, and the director and any party to a proceeding substantially supporting the finding from which the appeal is taken shall be known as appellee, except that when an appeal involves a license to operate a disposal site or facility, the local board of health or the director of environmental protection, and any party to a proceeding substantially supporting the finding from which the appeal is taken, shall, as appropriate, be known as the appellee. Appellant and appellee shall be deemed to be parties to the appeal.

{¶ 7} R.C. 3745.03 provides that ERAC may adopt regulations governing procedure to be followed in hearings before it; pursuant to this authority, ERAC has promulgated Ohio Adm.Code 3746–5–04, governing intervention in its proceedings:

(A) *Intervention is discretionary* and subject to such terms and conditions as the commission may prescribe. The commission may grant a motion to intervene and designate the intervenor as a party to such an extent, and upon such terms, as the commission shall deem to be in accord with the statutes and rules. In the discretion of the commission, a person may be denied intervention in a matter in which he could have participated as a party, but failed to do so in a timely manner.

(B) A motion to intervene must set forth the interest of the movant in the proceeding and demonstrate all of the following:

(1) That the movant's participation will assist in the determination of the issues in question;

(2) That the intervention will not unnecessarily delay the proceeding;

(3) That the position of the movant is substantially supporting or not supporting the action or lack of action in the proceeding from which the appeal has been taken so that the commission may designate the movant as an appellant or an appellee; and

(4) The reasons why the movant could not have earlier become a party.

(Emphasis added.)

{¶ 8} Sierra Club asserts that the discretionary right-to-participate language of Ohio Adm.Code 3746–5–04 is inconsistent with the absolute right-to-participate language of R.C. 3745.04. To the extent that the administrative rule conflicts with the statute, Sierra Club asserts, the rule must be found invalid pursuant to *Carroll v. Dept. of Adm. Servs.* (1983), 10 Ohio App.3d 108, 10 OBR 132, 460 N.E.2d 704.

{¶ 9} The first question is therefore whether Ohio Adm.Code 3746–5–04 is in conflict with the legislative mandate of R.C. 3745.04. If it is not, we would then examine whether intervention was properly denied by ERAC under the discretion standard of the administrative regulation. If we reach this second step, we would have to review ERAC's order denying intervention to determine whether it constituted an abuse of discretion.

{¶ 10} For purposes of discussion, we will initially treat Sierra Club as a party to the proceedings before the director; this assumption will then be revisited.

{¶ 11} Regarding the language of R.C. 3745.04, Sierra Club emphasizes that the first paragraph states that "[a]ny person *who was a party* to a proceeding before the director of environmental protection *may participate* in an appeal to" ERAC. Sierra Club argues that this grants an absolute right of *participation, either as an appellee or an appellant* before ERAC, provided one was a party before the director.

{¶ 12} However, the second paragraph states that "[t]he person so *appealing* to the commission *shall be known as appellant.*" (Emphasis added.) FDS Coke therefore maintains that the statute grants an absolute right only to bring an appeal as an appellant. The statute does not guarantee any right of participation *as an appellee.* Unless named as an appellee in the appeal, any party who wishes to *oppose* an appeal brought under R.C. 3745.04 must attempt to intervene as an appellee under Ohio Adm.Code 3746–5–04. Any such attempt would therefore, FDS Coke argues, be subject to the discretion of the commission.

{¶ 13} We hold that appellees' interpretation of R.C. 3745.04 is contrary to the statute's laborious but specific 75–plus word definition of an appellant and appellee. First, R.C. 3745.04 broadly states that "[a]ny person who was a party to a proceeding * * * may participate in an appeal." Then the statute defines who shall be designated as the appellant: "The person so appealing to the commission." Finally, it defines the appellees as "the director of environmental protection and any party to a proceeding substantially supporting the finding from which the appeal is taken, shall, as appropriate, be known as the appellee." The statute does not specify any need to formally intervene in order to participate as an appellee.

{¶ 14} This decision does not invalidate Ohio Adm.Code 3746–5–04 on its face, only as applied. ERAC's discretionary decision under Ohio Adm.Code 3746–5–04 to bar participation as an appellee by Sierra Club is an overbroad application of the regulation and constitutes error. The regulation itself specifies that to intervene, a movant must demonstrate "[t]he reasons why the movant could not earlier have become a party." Ohio Adm.Code 3746–5–04(B)(4). The regulation therefore by its own terms is inapplicable to restrict further participation by persons already a party to the matter before the director. We accordingly find that both Ohio Adm.Code 3746–5–04 and R.C. 3745.04, read together, contemplate that if Sierra Club is a party to proceedings before the director, it has an absolute right to participate, either as an appellant or an appellee, in an appeal to ERAC. Any application of Ohio Adm.Code 3746–5–04 to intervention by nonparties on appeal before ERAC is a different question from the one before us. There is no conflict between the statute and the regulation as the case is postured before us, and the regulation is simply inapplicable on the present facts.

{¶ 15} In reaching this conclusion, we have presumed that Sierra Club was a party to the proceedings before the director in the permit-application proceedings. Thus, the remaining question in the case is whether that was a correct presumption. If so, Sierra Club has a right to participate in subsequent appeals under R.C. 3745.04. This court has stated that in order to be a party in proceedings before the director, a person must show standing under a two-prong test: "First, did the person appear before the director, presenting his arguments in writing or otherwise; and, second, was the person 'affected' by the action or proposed action." *Martin v. Schregardus* (Sept. 30, 1996), Franklin App. No. 96APH04–433, 1996 WL 550184, citing *Cincinnati Gas & Elec. Co. v. Whitman* (1974), 11 O.O.3d 192, 198. See, also, *Olmsted Falls v. Jones,* 152 Ohio App.3d 282, 2003-Ohio-1512, 787 N.E.2d 669, at ¶ 18–19.

{¶ 16} ERAC's decisions to grant the permit (the FDS appeal) and to deny intervention are brief and fail to display the underlying procedural context. What is clear is that ERAC clearly adjudicated the merits of Sierra Club's right to participate in the FDS appeal as an appellee. It did not base its decision on whether Sierra Club was a party. Rather, it ruled that "intervention" existed at the sole discretion of ERAC. Thus, ERAC implicitly found that participation as an appellee was not a right but, instead, was subject to discretionary intervention. Sierra Club's various factual assertions in this appeal regarding the residences of some Sierra Club members as being in proximity to the proposed coking plant are irrelevant at this point.

{¶ 17} ERAC's decision in the instant appeal also addresses scheduled hearings both for the FDS Coke appeal and Sierra Club's own direct appeal as an appellant from the director's decision. This decision makes no mention of any

lack of standing that would prevent Sierra Club from continuing its own appeal as an appellant. By direct implication, ERAC has conferred party standing upon Sierra Club. Sierra Club was unchallenged as to its standing to bring its own direct appeal. Thus, if it is a party for one purpose, it has standing as a party to participate as an appellee. Conditioning such standing as an appellee upon "intervention" pursuant to Ohio Adm.Code 3746–5–04 would be unacceptably inconsistent with Sierra Club's status as a party. Hence, per R.C. 3745.04, it has the right to bring a direct appeal. We point out that this rather interesting result comes about because administrative appeals are not governed by the Rules of Appellate Procedure, but by statute.

{¶ 18} In accordance with the foregoing, Sierra Club's assignment of error is sustained, and the decision of ERAC denying Sierra Club's right to participate as an appellee in FDS Coke's appeal from the director's permit decision is reversed. The matter is remanded to ERAC for further proceedings in accordance with law and this opinion.

Judgment reversed
and cause remanded.

KLATT, P.J., and SADLER, J., concur.

CHRISTLEY, J., retired, of the Eleventh Appellate District, sitting by assignment.